UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGG PELLETIER,<br><br>          Plaintiff,<br><br>     v.<br><br>CHRISTOPHER PELLETIER, JAMES MASSETT SR., JEFFARY TOYE, MICHAEL NEWMAN, ROBERT MURPHY,<br><br>          Defendants. | Case No. 2:23-cv-01915-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  ECF Nos. 1-1 and 4 |

Pending before the Court is Plaintiff's Civil Rights Complaint (ECF No. 1-1), incomplete *in forma pauperis* ("IFP") application (ECF No. 4 at 1-4), and Petition for Adult Name Change (ECF No. 4 at 5-7).  Because Plaintiff fails to allege any basis upon which the Court may exercise jurisdiction, the Court recommends dismissing Plaintiff's case including the request for IFP status.

Federal courts are empowered to *sua sponte* review whether a case establishes subject matter jurisdiction, and dismiss a case when such jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3).  Subject matter jurisdiction is established in two ways.  Federal district courts "have original jurisdiction"—referred to as federal question jurisdiction—when the matter in controversy arises "under the Constitution, laws, or treaties of the United States."[1]  Federal courts have diversity jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."[2]  The party asserting federal jurisdiction bears the burden of establishing the case is properly in federal court.  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001), *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiff's Complaint (ECF No. 1-1) asserts three claims none of which, even when liberally construed, identify any federal law or constitutional provision that would allow the Court to exercise federal question jurisdiction over this matter.  Further, Plaintiff does not seek any monetary relief or establish any of the named defendants are citizens of different states.  Thus, Plaintiff fails to establish diversity jurisdiction.  Plaintiff's request to change his name (ECF No. 4 at 5-7) also does not allege

---

[1]     28 U.S.C. § 1331.
[2]     28 U.S.C. § 1332(a).

a violation of federal law or other basis for the exercise of jurisdiction as a change of name is a matter to be raised in Nevada state court under NRS 41.270.

Because there is nothing upon which the Court may rely to exercise subject matter jurisdiction, the Court recommends Plaintiff's Complaint be dismissed with prejudice. The Court further recommends Plaintiff's Petition for Adult Name Change be dismissed without prejudice so that he may refile it, if he so chooses, in the Eighth Judicial District Court for Clark County, Nevada.[3]

IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4 at 1-4) be DENIED without prejudice as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Petition for Adult Name Change (ECF No. 4 at 5-8) be DISMISSED without prejudice so that Plaintiff may proceed in the Eighth Judicial District Court for Clark County, Nevada.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED with prejudice.

DATED this 7th day of December, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[3] Plaintiff may seek to proceed *in forma pauperis* in the Eighth Judicial District Court for Clark County, Nevada by filing an application for a waiver of costs and fees under NRS 12.015.